# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LAWRENCE DANGERFIELD,

          Petitioner,     :     Case No. 1:20-cv-582

  - vs -                      District Judge Matthew W. McFarland
                              Magistrate Judge Michael R. Merz

WARDEN, Southeastern
  Correctional Complex,

                              :
          Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Lawrence Dangerfield under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Second Objections," ECF No. 15) to the Magistrate Judge's Supplemental Report and Recommendations recommending dismissal of the Petition (the "Supplemental Report," ECF No. 14).

Judge Black initially adopted the Supplemental Report (ECF Nos. 16, 17), then vacated that Order so as to allow consideration of Petitioner's late-filed Objections (Notation Order of April 28, 2021). On July 5, 2022, the case was reassigned to District Judge McFarland (ECF No. 20) who then recommitted the case to the undersigned to consider Dangerfield's most recent Objections ("Third Objections, "ECF No. 21).

The Supplemental Report noted that Dangerfield had pleaded five Grounds for Relief, but but had objected only to the proposed disposition of Grounds One and Two; no additional analysis was provided on Grounds for Relief Three, Four, or Five (Supplemental Report, ECF No. 14,

1

PageID 1409).  In his Third Objections, Dangerfield objects only to the recommended disposition of Ground One.  Therefore Grounds Two, Three, Four, and Five may be dismissed with prejudice and without objection (See Report, ECF No. 10, PageID 1392; Supplemental Report, ECF No. 14, PageID 1417).

**Ground One:  Suggestive Pre-Trial Identification**

In his First Ground for Relief, Petitioner claims a suggestive pre-trial photo array tainted the in-court identification by witness Dennis Medley and Dangerfield was thereby deprived of his right to due process of law. Respondent defends this Ground for Relief on the merits (Return of Writ, ECF No. 7, PageID 1299-1306). Petitioner recounts motion to suppress and trial testimony at length (Traverse, ECF No. 8, PageID 1327-45). He then claims the First District's decision on this Ground for Relief is an unreasonable application of relevant Supreme Court precedent, particularly *Neil v. Biggers*, 409 U.S. 188 (1972), and *Manson v. Brathwaite,* 432 U.S. 98, 114 (1977)(Traverse, ECF No. 8, PageID 1348).  The Report concluded that the state court decision was not an unreasonable application of those cases while agreeing that they were the controlling precedent.

Dangerfield claims the photo array presented to eyewitness Dennis Medley was unduly suggestive and should therefore have been suppressed.  Respondent agreed that this issue had been preserved for merits determination in habeas and argued this Court should defer to the merits decision of the Ohio First District Court of Appeals.  The Report concluded that the First District's decision was not an unreasonable application of the controlling Supreme Court precedent, *Neil v. Biggers*, 409 U.S. 188 (1972), and *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977), relying on the

controlling Sixth Circuit application of *Neil*, *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005). In that case the circuit court held "an identification procedure violates a defendant's right to due process if it "was so unnecessarily suggestive as to run the risk of irreparable mistaken identification." *Id.* at 469. Even if an identification procedure was impermissibly suggestive, the identification is still admissible if it is reliable. *Id.* at 469, 472.

Dangerfield continues to object that the photo array was impermissibly suggestive in violation of the first prong of *Neil*. The Supreme Court has recently held that for a pre-trial identification procedure to be "'impermissibly suggestive,' the procedure must 'give rise to a very substantial likelihood of irreparable misidentification.'" *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2559 (2018), *quoting Neil v. Biggers,* 409 U.S. 188, 197 (1972).

The First District described the identifying eyewitness as follows:

> Dennis Medley, Jr., the owner of an auto repair shop, was driving south on Reading Road at the same time [Jan. 18, 2015, just before 11:00 p.m.] and observed a heavily damaged silver BMW, streaming coolant from its radiator, driving north. The front windshield was heavily cracked. Medley observed the driver as the cars passed. Medley called 911 and described the driver as "a black male with a beanie on his head* * * [h]air on his face," and distinctive eyes and nose. Medley subsequently picked Dangerfield's photo out of an eight-image police photo lineup and identified Dangerfield as the driver during trial.

*State v. Dangerfield*, Case No. C-180057 (Ohio App. 1st Dist. Jun. 28, 2019)(unpublished; copy at State Court Record, ECF No. 6, PageID 98). Dangerfield does not dispute any of the factual findings in this paragraph.

The First District's factual findings about Medley's pre-trial identification are:

> Within a few days of the accident, Medley identified Dangerfield as the driver of the BMW from a photo lineup of eight photos of African-American men shown to him by a blind administrator, an officer not involved in the investigation. Each photo showed an

3

> African-American male with a beard and roughly similar features. The other seven photos had been selected from a computer database to match Dangerfield's characteristics. Medley was not told that the suspect's photo was in the lineup. The skin tone of the subjects varied, but the instructions had cautioned that "Photographs may not always depict the true complexion of a person. It may appear lighter or darker in the photograph." The photo of Dangerfield showed him wearing a dark brown or black cap, very similar in shade to his hair color, and much darker than the cap he had worn the night that he struck Denson.

*Id.* at PageID 100.

Dangerfield does not dispute several factual findings in this paragraph, including that the photo array contained eight photographs of African-American men, that it was not shown to Medley until several days after the collision, that it was shown by a blind administrator[1] (i.e. that it was shown to Medley by a police officer who was not involved in the investigation and who did not know which of the eight photographs was a picture of Dangerfield), and that the photographs of the other seven men were chosen from a computer database.

Dangerfield objects that the other seven photographs were chosen by an investigating officer, Officer Enneking, and:

> A review of those photo's reveal that all seven photos clearly are distinguishable from that of Petitioner's photo. Petitioner['s] photo show him wearing a beanie. None of the seven other individuals are waering [sic] beanies. Further, the beanie is not the same color as alleged by medley [sic]. Petitioner's photo also show him with a long beard and no greys. None of the other seven photo's [sic] have the other individuals with long beards. Another known fact is that Petitioner is a light skinned male. Only one other individual in the seven photo line up was a light skinned male besides Petitioner, but he had a beard that was fully grey and no beanie.

(Objections, ECF No. 11, PageID 1395-96).

---

[1] Dangerfield specifically says he is not objecting to the administration of the photo array, but claiming that the array itself was suggestive (Objections, ECF No. 11, PageID 1396).

4

Dangerfield makes numerous factual assertions in his Objections which he says show the photo array was suggestive. However, he makes no record citations for that supposed evidence, despite the fact that he has been furnished with a full copy of the State Court Record as filed and was ordered to cite to the PageID number of any record reference.[2] As noted in the Supplemental Report, the Magistrate Judge reviewed the transcript of the motion to suppress hearing which occurred September 14, 2017[3] (ECF No. 6-1, PageID 292, et seq.). Dangerfield's attorney did not ask foundational questions about how the computer would go about doing that, how large the database was, etc. Hence there is no evidence to support Petitioner's claim of biased photo array selection.

Even if the array had been unduly suggestive, Dangerfield would not be entitled to have Medley's identification suppressed unless he also met the second prong of *Neil* by showing that the identification was unreliable. In finding against Dangerfield on the second prong, the Magistrate Judge noted the following:

> [Medley] is an automobile mechanic and immediately identified the vehicle leaving the scene as a damaged silver BMW. Dangerfield was found with a silver BMW relatively near the accident scene and with an abrasion on his forehead. His DNA was in the car and the victim's blood was on the outside of the car. The BMW he was with had a cracked windshield and was missing the front bumper; that BMW front bumper with an identifying license plate was found at the scene. Dangerfield matched the description Medley gave the police at the scene. Dangerfield points to no evidence that these incriminating facts are mere coincidence.

(Report, ECF No. 10, PageID 1376). Dangerfield makes no objection to these findings in the Report. The cited circumstantial evidence is strong proof that Medley's identification is reliable.

---

[2] "All papers filed in the case thereafter [after the record is filed], by either party, including the answer and the exhibit index, shall include record references to the PageID number." (Order, ECF No. 4, PageID 22).

Therefore the Supplemental Report recommended Dangerfield's objections to the Report as to the First Ground for Relief should therefore be overruled. In his Third Objections, Dangerfield reviews the claimed factual descriptions Mr. Medley gave with the people in the array. Those descriptions are sufficiently different from Mr. Dangerfield as to undermine any claim of suggestiveness. Our task in habeas corpus is not to review the evidence *de novo*, but to decide whether the Ohio courts' conclusion of lack of suggestiveness is an unreasonable interpretation of the facts in light of the evidence. 28 U.S.C. § 2254(d)(2).

In previous Reports, the Magistrate Judge noted that he has not reviewed the photo array itself because it is not part of the State Court Record. Dangerfield asserts this is inaccurate, citing "EXHIBITS ID at #839." There is no copy of the photo array at that place in the State Court Record. The court reporter also separately numbers pages of the transcript, but the photo array does not appear at that page, which is also PageID 1113. Dangerfield's objection that the photo array is in the State Court Record is not well taken. Because the array was undoubtedly in the appellate record in this case, Dangerfield may well have been confused.

Dangerfield quarrels with a number of inferences drawn by the jury from the circumstantial evidence presented to it:

> Contrary to Magistrate Judge note, Petitioner asserts Medley did not immediately identify the vehicle leaving the scene. It wasn't until he got two blocks down the road that he realized an accident had happen. ID at #730. Petitioner asserts he was not found with the silver BMW, contrary to he was. Dangerfield was in the house where it was located, they were looking for Dangerfield because he was linked to the car and they had a picture of him #879 and wanted him for outstanding traffic warrants #879. Petitioner asserts there were multiple there #874. Petitioner asserts Dangerfield abrasion on his head had no relation to the accident, it was not fresh or bleeding. His blood wasn't found in the car. Petitioner asserts DNA of his was found in the car with multiple others #1161. Dangerfield has taken the car to a shop a couple of days before the accident, making it understandible [sic] to find his DNA ID at #/iG? in the car. Petitioner

6

> asserts there was no DNA on the gear shift from Dangerfield #1144. Petitioner asserts out of all the places in the car to get the driver's DNA would be the gear shift. You can't drive without it. Petitioner asserts there is no facts here to support any claim of Dangerfield being the driver of the car in the accident. Dangerfield objects to all the findings of the report and Medley's identification. Petitioner asserts that the identification and statements of witness Medley in pre-trial and trial are unreliable.

(Objections, ECF No. 15, PageID 1423). The inferences to be drawn from circumstantial evidence are for the jury to decide. In addition to the points of circumstantial evidence which Dangerfield says are not conclusive, the jury had to decide whether to believe Dangerfield on those points where he was the sole source of the competent evidence, e.g., when his DNA got onto the gear shift and whether he wiped it down before the police arrived.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections

in accordance with this procedure may forfeit rights on appeal. #

July 19, 2022.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

Case: 1:20-cv-00582-MWM-MRM Doc #: 22 Filed: 07/19/22 Page: 8 of 8 PAGEID #: 1444